ANTHONY ALEXIS, DC Bar #384545
Email: anthony.alexis@cfpb.gov
Phone: (202) 435-7999
JEFFREY PAUL EHRLICH, FL Bar #51561
Email: jeff.ehrlich@cfpb.gov
Phone: (202) 435-7598
JOHN C. WELLS, DC Bar #491292
Email: john.wells@cfpb.gov
Phone: (202) 435-9319
MAXWELL S. PELTZ, CA Bar #183662
Email: maxwell.peltz@cfpb.gov
Phone: (415) 633-1328
1700 G Street, NW
Washington, DC 20552
Fax: (415) 844-9788

Attorneys for Plaintiff
Consumer Financial Protection Bureau

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 8:14-cv-01155-JVS (AJWx) |
| Plaintiff, | **FINAL JUDGMENT AND ORDER FOR RESTITUTION, DISGORGEMENT, A CIVIL MONEY PENALTY, AND PERMANENT INJUNCTION AGAINST DEFENDANT STEPHEN LYSTER SIRINGORINGO, AN INDIVIDUAL, ALSO D/B/A SIRINGORINGO LAW FIRM** |
| v. | |
| Stephen Lyster Siringoringo, an individual, also d/b/a Siringoringo Law Firm; Clausen & Cobb Management Company, Inc., a corporation; and Joshua Cobb, an individual, | |
| Defendants. | |

Plaintiff Consumer Financial Protection Bureau ("CFPB" or "Bureau") commenced this civil action against Defendant Stephen Lyster Siringoringo, an individual, also d/b/a Siringoringo Law Firm ("Siringoringo"), on July 22, 2014,

asserting, among other claims, that Siringoringo had charged and collected advance fees for mortgage-assistance-relief services in violation of Regulation O, 12 C.F.R. Part 1015 (2011).

On December 18, 2015, the Court granted the Bureau's motion for partial summary judgment against Siringoringo as to his liability under Count I of the Complaint: violation of Regulation O. (Minute Order, Docket No. 80.) On October 26, 2016, the Court granted the Bureau's subsequent motion for partial summary judgment against Siringoringo as to the monetary and injunctive relief to be ordered for the violations asserted in Count I. (Amended Minute Order, Docket No. 108; Order, Docket No. 109.)

On January 4, 2017, having obtained prior leave of Court (Docket No. 115), the Bureau filed a First Amended Complaint (Docket No. 117). The First Amended Complaint asserts a single claim against Siringoringo: Count I – violation of Regulation O – the remaining claims against Siringoringo having been withdrawn.

Pursuant to the above-referenced orders granting partial summary judgment against Siringoringo as to Count I and in light of the Bureau's withdrawal of all remaining claims against Siringoringo,[1]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**FINDINGS**

1.      The Bureau brought this action against Siringoringo under Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565, and Regulation O, 12 C.F.R. Part 1015 (2011).

---

[1] Default Judgment was entered against all remaining codefendants on January 3, 2017. (Docket No. 116.)

2.      Under 12 U.S.C. § 5565, the Bureau has authority to seek restitution, disgorgement, a civil money penalty, and a permanent injunction against Siringoringo, and the Court is empowered to order such relief.

3.      This Court has jurisdiction over the subject matter of this action and has jurisdiction over Siringoringo under 12 U.S.C. § 5565(a)(1) and 28 U.S.C. §§ 1331 and 1345.

4.      Venue in the Central District of California is proper under 28 U.S.C. § 1391(b) and 12 U.S.C. § 5564(f).

5.      The First Amended Complaint states a claim upon which relief can be granted against Siringoringo.

6.      This action and the relief ordered herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

## DEFINITIONS

The following definitions shall apply to this Order:

1.      "Affected consumers" means all consumers who, from July 22, 2011 through July 26, 2013, paid a fee to Siringoringo for a mortgage-assistance-relief product or service.

2.      "Related consumer action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Siringoringo based on substantially the same facts as described in the First Amended Complaint.

3.      "Mortgage-assistance-relief product or service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

a.      stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

b.      negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

c.      obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

d.      negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

e.      obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

f.      negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed in lieu of foreclosure, (iii) or any other disposition of a dwelling loan other than a sale to a third party that is not the dwelling loan holder.

# ORDER

## I.

## RESTITUTION, DISGORGEMENT, AND CIVIL PENALTY

**IT IS HEREBY ORDERED** that:

1. <u>Restitution and Disgorgement</u>: Judgment for equitable monetary relief is hereby entered in favor of the Bureau and against Siringoringo in the amount of twenty million, eight hundred and twenty-five thousand dollars ($20,825,000) as restitution to the affected consumers for the unlawful fees charged and collected by Siringoringo and as disgorgement by Siringoringo of unjust gains from such fees.

2. <u>Civil Penalty</u>: By reason of the violations alleged in the First Amended Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), judgment for a civil money penalty is entered in favor of the Bureau and against Siringoringo in the amount of one dollar ($1).

## II.

## OTHER MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

1. The monetary judgment set forth above in Section I
    a. is immediately due and payable upon entry of this Final Judgment and Order with post-judgment interest accruing at the legal rate; and
    b. is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for Siringoringo.

2. Siringoringo must relinquish all dominion, control, and title to any funds paid pursuant to this Final Judgment and Order to the fullest extent permitted by law, and Siringoringo shall make no claim to or demand for return of the funds or any part of the funds, directly or indirectly.

3.      Any funds received by the Bureau in satisfaction of this Final Judgment and Order will be deposited as follows:

        a.      The Bureau will deposit funds paid for restitution and disgorgement into a fund or funds administered by the Bureau or its agent, according to applicable statutes and regulations, to be used for redress for affected consumers, including but not limited to restitution, disgorgement, or other monetary relief, and for any attendant expenses for the administration of any such redress. If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Siringoringo will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

        b.      The Bureau will deposit funds paid for the civil money penalty into the Civil Penalty Fund of the Bureau as required by 12 U.S.C. § 5497(d).

4.      Within 30 days of the entry of a final judgment, consent order, or settlement in a related consumer action, Siringoringo must notify the Bureau of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Siringoringo paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## III.

## BAN ON MORTGAGE-ASSISTANCE-RELIEF
## PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Siringoringo, whether acting directly or indirectly, is permanently enjoined from:

1. advertising, marketing, promoting, offering for sale, or selling any mortgage-assistance-relief product or service; and

2. assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage-assistance-relief product or service.

## IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## V.

## SERVICE

**IT IS FURTHER ORDERED** that this Order may be served upon Siringoringo by certified mail, by the United States Marshal, the Clerk of the Court, or any representative or agent of the Bureau.

**IT IS SO ORDERED,** on January 11, 2017.

_____
HONORABLE JAMES V. SELNA
United States District Judge